**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| PERRY SPILLER, ET AL.,           )<br>                                                     )<br>           Plaintiffs,              )<br>                                                     )<br>      v.                                          )      Case No. 1:16-cv-02059 (RDM)<br>                                                     )<br>DISTRICT OF COLUMBIA, ET AL.,  )<br>                                                     )<br>           Defendant.              )<br>_____)| |

**DEFENDANTS THE DISTRICT OF COLUMBIA AND OFFICER ROBERT BARILLARO'S REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL DISMISSAL, OR IN THE ALTERNATIVE PARTIAL SUMMARY JUDGMENT**

Defendants the District of Columbia (the "District") and Metropolitan Police Department Officer Robert Barillaro, by and through their undersigned counsel, hereby submit the following reply to Plaintiffs Perry Spiller and James McCray's Opposition to Defendants' Motion for Partial Dismissal, or in the Alternative Partial Summary Judgment.

**I.   Count III: Plaintiffs' Claim that the Defendant MPD Officers Committed a "Substantive Due Process Violation for Negligent Reckless Investigation"**

Plaintiffs defend their claim for "Substantive Due Process Violation for Negligent Reckless Investigation" by stating that "they were arrested by Defendant Officers without probable cause" and that "Defendant Officers unreasonably believed without legal justification that Plaintiffs violated a noise ordinance."  Pls.' Opp. at p. 13.  In doing so, Plaintiffs have made it clear that this claim is duplicative of their constitutional false arrest claim (Count I).  *See Dellums v. Powell,* 566 F.2d 167, 175 (D.C. Cir. 1977) ("The focal point of the action [of false arrest] is the question whether the arresting officer was justified in ordering the arrest of the plaintiff . . . .").  Moreover, "the doctrine of substantive due process constrains only egregious

government misconduct." *George Washington Univ. v. District of Columbia*, 318 F.3d 203, 209 (D.C.Cir. 2003) (holding doctrine of substantive due process prevents only "grave unfairness"). Substantive Due Process claims are limited "to actions that in their totality are genuinely drastic." *Tri County Industries, Inc. v. District of Columbia*, 104 F.3d 455, 459 (D.C.Cir. 1997). The allegedly unconstitutional behavior must be "so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." *Abdelfattah v. United States*, 787 F.3d 524, 540 (D.C. 2015) (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 847 (1998)).

Plaintiffs have not alleged any action of Officer Barillaro that is so egregious or outrageous to establish a substantive due process claim, and their Opposition clarifies that Count III is duplicative of Count I.

## II. Counts IV and V: Plaintiffs' Claims of Negligent Training and Negligent Supervision

Plaintiffs claim that they satisfied the "cause" and "circumstances" requirements of D.C. Code § 12-309 as to their claims for negligent training and negligent supervision by making allegations in their § 12-309 notices of "extreme brutality by the Defendant Officers that resulted in hospitalization (broken bones) . . . ." Pls.' Opp. at p. 15. However, negligent training and supervision is not a theory of vicarious liability; rather, it is a wholly separate theory of direct liability against the employer. *See Phelan v. City of Mount Rainier*, 805 A.2d 930, 937 (D.C. 2002). Plaintiffs' § 12-309 notices contain no allegations of negligence on the part of the District in training or supervising the Defendant Officers. *See* Defs.' Mot. to Dismiss at Exh. 1. Additionally, on the issue of how liberal the Court should be in reviewing the content of a claimant's § 12-309 notice, the case of *Maldonado v. District of Columbia*, 924 F.Supp.2d 323 (D.D.C. 2013) is instructive. In *Maldonado*, the court ruled that the "precise exactness" of spelling out a claim for "negligent supervision and training" was not necessary when the

claimant had asserted the umbrella claim of "negligence." *Id.* In the present case, Plaintiffs do not even use the term "negligence," let alone "negligent training" or "negligent supervision" in their § 12-309 notices. *See* Defs.' Mot. to Dismiss at Exh. 1.

In their Opposition, Plaintiffs do not address Defendants' argument that they have failed to state a claim for common law negligent training or negligent supervision. Therefore, Plaintiffs appear to be conceding (1) they have failed to state a claim for common law negligent training and negligent supervision, and/or (2) they are only asserting their negligent training and negligent supervision claims pursuant to 42 U.S.C. § 1983.

In arguing that they have stated claims for negligent training and negligent supervision against the District pursuant to 42 U.S.C. § 1983, Plaintiffs rely on *Amons v. District of Columbia*, 231 F.Supp.2d 109 (D.D.C. 2002). Pls.' Opp. at p. 17. But *Amons* can be easily distinguished from the present matter. In *Amons*, the court ruled that the plaintiff had adequately stated a claim for municipal liability against the District by alleging that "Defendant District of Columbia . . . has tolerated and permitted a pattern of police harassment, false arrest and malicious prosecution" and that "[p]rior to and including the date of the incident, the District of Columbia, through its Metropolitan Police Department, permitted and tolerated a pattern and practice of unjustified, unreasonable, and unlawful harassment and deprivation of liberty and property without due process of the law." *Id.* at 114. The court in *Amons* found that such allegations were sufficient to support a claim that "the District has allegedly condoned a policy of harassment and false arrests and has, in effect, ratified this conduct through improper investigations of police misconduct or by tolerating such conduct through its inaction." *Id.* at 115. On the contrary, Plaintiffs in the present case have alleged no such pattern of unconstitutional activity; rather, they state only the allegations of their own arrests. "Proof of a

3

single instance of unconstitutional activity is insufficient to impose [municipal] liability unless there was proof that there was a policy in place that was unconstitutional." *Sanders v. District of Columbia*, 522 F.Supp.2d 83, 88 (D.D.C. 2007).  Plaintiffs also argue that dismissing these claims would be premature and that the claim should be allowed to proceed to discovery.  Pls.' Opp. at p. 17.  It is well-settled that Rule 8 of the Federal Rules of Civil Procedure "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

### III.     Count VI: Plaintiff Spiller's Claim of § 1983 Malicious Prosecution Against the MPD Officers

Plaintiff Spiller defends his § 1983 Malicious Prosecution claim by misdirecting the Court into focusing on the question of whether or not Plaintiff's underlying criminal suit terminated favorably on the merits.  Pls.' Opp. at p. 21.  Defendant Barillaro would counter that Plaintiff Spiller's underlying suit did not terminate favorably, *see Kenley v. District of Columbia*, 83 F.Supp.3d 20, 42 (finding that "[m]erely alleging that criminal charges were dismissed is . . . insufficient to plead that the underlying case was favorably terminated."); *see also Ronkin v. Vihn*, 71 F.Supp.3d 124, 138 n.14 (D.D.C. 2014).  However, the focus of Defendant Barillaro's argument that the Complaint fails to state a claim for § 1983 malicious prosecution was that Plaintiff Spiller had not pled facts that would give rise to a claim as enunciated by the Supreme Court in *Wallace v. Kato*, 549 U.S. 384 (2007).  Plaintiff Spiller's sole argument in response is that *Wallace* is not analogous to the present matter because the court's ultimate ruling in that case pertained to the statute of limitations.  Pls.' Opp. at p. 22.  This is misleading.  In its statute-of-limitations analysis, the Supreme Court in *Wallace* had to determine when the cause of action arose.  549 U.S. at 387.  The court ultimately held that a claim for malicious prosecution pursuant to § 1983 does not arise unless and until the claimant is unlawfully detained pursuant to

4

the commencement of his/her prosecution.  *Id*. at 390.  Plaintiff Spiller's blanket claim that *Wallace* is not an analogous case ignores the common legal analysis as to what constitutes a § 1983 malicious prosecution claim.

## IV.     Count VIII: Plaintiffs' Claim of Negligent Infliction of Emotional Distress

Defendants withdraw their Motion as to Plaintiffs' claim of common law negligent infliction of emotional distress (NIED).

Plaintiffs argue that they have stated a claim for NIED pursuant to 42 U.S.C. § 1983 because they have alleged a policy, practice, or custom that is causally connected to a constitutional violation.  Pls.' Opp. at 25.  Plaintiffs make no attempt to respond to Defendants' argument that negligence causing a deprivation of property cannot give rise to a constitutional due process violation pursuant to § 1983.  Moreover, as explained in Section II of this Reply, a single allegation of unconstitutional behavior does not constitute a policy, practice, or custom.

DATED:  March 8, 2017                                          Respectfully submitted

KARL A. RACINE
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

*/s/ Michael K. Addo*
MICHAEL K. ADDO [1008971]
Chief, Civil Litigation Division Section IV

*/s/ Philip A. Medley*
PHILIP A. MEDLEY [1010307]
DAVID A. JACKSON [471535]
Assistant Attorneys General
441 Fourth Street, N.W., Suite 630 South
Washington, D.C. 20001
(202) 724-6626
(202) 741-5920 (fax)
philip.medley@dc.gov

Attorneys for Defendant