UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

-------------------------------------------------------------------------------

PERRY SPILLER
1427 Saratoga Ave, Apt 5
Washington, DC 20018

JAMES MCCRAY
452 Oakwood Street SE
Washington, DC 20032
Plaintiffs
       v.                                              Civil Case No.16-2059 RDM
                                                                **COMPLAINT (Amended)**
                                                                Under 42 U.S.C. § 1983

DISTRICT OF COLUMBIA
441 4th Street
Washington, DC 20001

METROPOLITAN POLICE OFFICER SHAWN MURPHY
(In an Individual Capacity and In an Official Capacity)
7th Metropolitan Police District for District of Columbia
2455 Alabama Ave SE
Washington, DC  20020
Home Address Unknown

METROPOLITAN POLICE OFFICER ROBERT BARILLARO
(In an Individual Capacity and In an Official Capacity)
7th Metropolitan Police District for District of Columbia
2455 Alabama Ave SE
Washington, DC  20020
Home Address Unknown
                                    Defendants
------------------------------------------------------------------ -------------

1.      Now comes the Plaintiffs Perry Spiller and James McCray, by and through their attorney,

Jacqueline Williams, of the Law Office of Jacqueline Williams, complaining against the

following Defendants: (1) The District of Columbia, (2) Metropolitan Police Officer Robert

Barillaro (In an Individual Capacity and In an Official Capacity), and (3) Metropolitan Police

Officer Shawn Murphy (In an Individual Capacity and In an Official Capacity), and alleges as

follows:

JURISDICTION AND VENUE

2.      This action arises under the Constitution of the United States, particularly the First and Fourth Amendments to the Constitution of the United States the Due Process Clause of the United States Constitution, and under the laws of the United States, particularly the Civil Rights Act, Title 42 U.S.C. §§ 1983 and 1988.

3.       This action also arises under the District of Columbia laws for Excessive Force, False Arrest, Negligent Supervision, Malicious Prosecution, Negligent Infliction of Emotional Distress, and Abuse of Process.

4.      This Court has jurisdiction of this cause of action under Title 28 of the United States Code §§ 1331 and 1343 (28 U.S.C.A. §§ 1331 and 1343).

5.      This Court also has supplemental jurisdiction over the District of Columbia causes of action under Title 28 of the United States Code § 1367 (28 U.S.C.A. § 1367).

6.      Pursuant to DC Code §12-309, the District of Columbia was notified in writing and served with Plaintiffs Notice of Intent to File Suit for damages against all named Defendants.

7.      Venue is placed in this District because the District of Columbia government, is located in this District and the Defendants Officer Shawn Murphy and Officer Robert Barillaro are employees of the Metropolitan Police Department (MPD), and MPD is an agency within the District of Columbia government, and all are located within the District of Columbia.

**DEMAND FOR A TRIAL BY JURY**

8.      The Plaintiff demands trial by Jury on all counts in this complaint pursuant to Seventh Amendment to the United States Constitution, and pursuant to Rule 38 of the Federal Rules of

Page 2 of  15

Civil Procedure.

**PARTIES**

9.      Plaintiff Perry Spiller is a 31 year old citizen of the United States who resides in the District of Columbia.  James McCray is a 43 year old citizen of the United States who resides in the District of Columbia.

10.      Defendant MPD Officer Robert Barillaro is a Police Officer who, at the time of the incident, was employed at the 7th District of the MPD.  Defendant Police Officer Robert Barillaro is being sued individually and in an official capacity.

11.      Defendant MPD Officer Shawn Murphy is a Police Officer who, at the time of the incident, was employed at the 7th District of the MPD.  Defendant Police Officer Shawn Murphy is being sued individually and in an official capacity.

12.      Defendants are legally responsible for the incidents, injuries, and damages set forth herein, and each of the Defendants proximately caused the incident, injuries, and damages by reason of their negligence, breach of duty, negligent supervision, management or control, violation of constitutional rights, or by reason of other personal, vicarious, or imputed negligence, fault, or breach of duty, whether based on agency, employment, control, whether severally or jointly, or whether based on any other act or omission.

13.      Each of the Defendants, caused, and is legally responsible for, the incidents, unlawful conduct, injuries, and damages alleged by personally participating in the unlawful conduct, or acting jointly or conspiring with others to act, by authorizing or allowing, explicitly or implicitly, policies, plans, customs, practices, actions, or omissions that led to the unlawful conduct, by failing to take action to prevent the unlawful conduct, by failing or refusing to initiate and

maintain adequate training or supervision, and thus constituting deliberate indifference to Plaintiff's rights, and by ratifying the unlawful conduct that occurred by agents and officers under their direction and control, including failing to take remedial or disciplinary action.

14.     Plaintiffs are informed and believe and therefore alleges that at all times mentioned in this Complaint, Defendant, and each of them, were the agents, employees, servants, joint ventures, partners, and/or coconspirators of the other Defendants named in the Complaint and that at all times, each of the Defendants was acting within the course and scope of that relationship with the other Defendants.

15.     In doing the acts and/omissions alleged, Defendant, and each of them, acted under color of authority and/or color of state/District of Columbia law at all relevant times.

16.     Plaintiffs are informed and believe, and therefore alleges, that the violations of the Plaintiff's constitutional rights complained of were negligent and caused by customs, policies, and/or practices of authorized policymakers of Defendant District of Columbia, and other supervisory officials of Defendant District of Columbia's Metropolitan Police Department, which encouraged, authorized, directed, condoned, and/or ratified the unconstitutional and unlawful conduct complained of in this Complaint.  These customs, policies, and/or practices were the moving force behind the violations alleged, and include, but are not limited to failing to maintain adequate policies, failing to adequately train, supervise, and control police officers concerning enforcement of District of Columbia laws, street encounters with individuals lawfully on the streets of the District of Columbia, failing to investigate and impose discipline on police officers who employ improper investigation methods, and failing to adopt other remedial measures and policies to ensure that such violations do not recur.

17.     Each of the Defendants caused, and are legally responsible for, the incidents, unlawful

conduct, injuries, and damages alleged by personally participating in the unlawful conduct, or

acting jointly or conspiring with others to act, by authorizing or allowing, explicitly or implicitly,

policies, plans, customs, practices, actions, or omissions that led to the unlawful conduct, by

failing to take action to prevent the unlawful conduct, by failing or refusing to initiate and

maintain adequate training or supervision, and exercising deliberate indifference to Plaintiffs'

rights, and by ratifying the unlawful conduct that occurred by the District of Columbia or by

agents and officers under the direction and control of the District of Columbia, and by failing to

take remedial or disciplinary action against said agents or officers.

18.     The District of Columbia is a territory and governmental subdivision of the United States

of America.

## FACTS

19.     On May 30, 2015 at approximately 12:00am in front of 2759 Martin Luther King Jr. Ave,

Southeast, in the District of Columbia. A nightclub across the street had begun to close and

patrons littered the adjoining streets.  Plaintiffs Spiller and McCray stood nearby as the nightclub

began to close for the evening.  Two unknown individuals, a man and a woman, were shouting

loudly and arguing in the street.  The unknown woman then assaulted the man causing him to hit

the ground.  The altercation between the man and the woman was loud and violent.  While the

incident took place, the police officer Defendants sat in their marked police vehicle less than a

block from where the two people were fighting.  The woman walked away towards the police

vehicle.

20.     Plaintiffs James McCray and Perry Spiller stood nearby and laughed at the incident

taking place between the two individuals who were fighting.   The Plaintiffs were not involved in

the incident and were not making loud noises that were likely to annoy residents or other

individuals.  The Defendant police officers approached the Plaintiffs and asked Plaintiffs James

McCray and Perry Spiller to leave the scene where the fight took place.  The Defendant officers

did not arrest either of the individuals who were fighting, committing acts of violence and

making extremely loud noises that were likely to annoy the public and individuals in their

residences.

21.     The Plaintiffs began to walk away as the officers had directed them and sat on chairs in

an alleyway adjacent to the street where the incident took place.  Defendant Barillaro then re-

approached the Plaintiffs and said to the Plaintiffs "You're under arrest for noise violation."

22.     Plaintiff Perry Spiller then stood in front of Plaintiff James McCray, while in front of the

officers and questioned the officers about the officers' allegations.  Plaintiffs attempted to

explain that the noise came from the individuals who had just finished fighting and engaging in

illegal behavior, whom the Defendant officers failed to arrest.  Officer Barillaro then with gross

negligence, and wanton, reckless disregard and indifference to the Plaintiffs' safety, tackled

Plaintiff Perry Spiller by using his hands and arms to negligently and forcefully conduct a

reckless takedown of Mr. Perry.   Mr. Perry was never asked to turn around to be properly

handcuffed to ensure safe transport to the precinct.  Officer Murphy, without properly assessing

or evaluating the situation, refused to intervene and halt the violent, grossly negligent actions of

Officer Barillaro, assisted Officer Barillaro by tackling Mr. James McCray, using his arms and

hands to negligently take Mr. McCray to the ground using an unnecessary amount of force.

23.     After the Defendant MPD Officers violently, and negligently tackled the Plaintiffs and

threw them to the ground, Officer Murphy held down Plaintiff McCray's body on the ground.
Officer Barillaro then negligently grabbed Plaintiff McCray's hands and with full force,
negligently, carelessly, and recklessly yanked Plaintiff McCray's right hand and slammed
McCray's hand on the hard ground causing Mr. McCray to suffer a broken hand for which he
was treated at the United Medical Center.  Plaintiff McCray laid on his side at which time his
hand went completely numb causing him to lose feeling in the hand momentarily.

24.     Plaintiff McCray suffered a fracture to his wrist and a dislocated finger as a result of the
Defendants' actions.  Plaintiff McCray received a splint for his finger, his arm was placed in a
sling, and was placed on medication to help relieve pain associated with the injuries.  Plaintiff
was treated at United Medical Center on the day in question.

25.     Plaintiff Perry Spiller suffered swelling and abrasions to his legs, sore throat, and
experienced numbness on the left side of his body and was treated at United Medical Center on
the day in question.  The actions of the officers caused extreme physical and emotional damage
to both Plaintiff Spiller and Plaintiff McCray.

26.     Plaintiff McCray was arrested for Making Noise at Night, though he had made no noise
at night.  Plaintiff McCray was brutally shackled and handcuffed and sent to DC Superior Court
for processing.  The District of Columbia's Office of the Attorney General declined to prosecute
Mr. McCray based on the officers false assertions.  After spending several hours in jail for
having committed no offense, Mr. McCray was released without prosecution by the Office of the
Attorney General or the United States Attorney's Office.  Mr. McCray lost his job as a worker at
the DC United Stadium as a result of the Defendants actions.

27.     Plaintiff Spiller was arrested for Making Noise at Night and Assault on a Police Officer.

Mr. Spiller was not charged by the Office of the Attorney General or by the United States Attorney for Making Noise at Night.  Instead, the Office of the United States Attorney prosecuted Mr. Spiller temporarily for Assault on a Police Officer and Carrying A Dangerous Weapon (nunchucks) which were allegedly recovered from his backpack pursuant to a search incident to arrest.  Mr. Spiller did not display the nunchucks or use the nunchucks against any officer.  Mr. Perry plead not guilty and requested a jury trial for the wrongful charges against him.  On October 5, 2015, almost the eve of trial in Mr. Spiller's case, the Office of the United States Attorney dismissed all charges against Mr. Perry.  The malicious prosecution of Mr. Spiller continued every day until October 5, 2015.  The charges were not re-brought or otherwise resurrected by the United States Attorney.  Upon dismissal of the charges on the eve of trial, the assigned prosecuting attorney informed the undersigned counsel that the United States Attorney's Office had opened an internal investigation against Officers Murphy and Barillaro. Mr. Perry lost his only employment source at the DC United stadium as a result of the officers' negligent conduct.

28.     Neither of the Plaintiffs committed any criminal offenses charged.

29.     On the day in question, the Plaintiffs were seized, and held in custody at a hospital, handcuffed at said hospital, with a police officer stationed inside of Plaintiff's hospital room, and with Plaintiffs ankles shackled.

30. Plaintiffs deny the allegations in all accusatory instruments filed in the in the Superior Court of the District of Columbia by the Attorney General's Office and or the United States Attorney's Office.

31.     The Plaintiffs state that the police used unnecessary and disproportionate force to effect

an unauthorized arrest. Plaintiffs state that the Defendants used unlawful physical force against

the Plaintiffs as stated above. The afore-referenced case was dismissed against Mr. Spiller and

Mr. McCray was never charged by the appropriate prosecuting bodies within the District of

Columbia.

## CLAIMS:

### COUNT ONE: FALSE ARREST
### (PLAINTIFFS SPILLER AND MCCRAY AGAINST DEFENDANT OFFICERS)

32.     Plaintiffs re-allege paragraphs 1 through 31 as though set forth in full herein.

33.     The Plaintiffs state that they were illegally seized, searched, and arrested in violation of

the Fourth, and Fourteenth, Amendments to the United States Constitution when each was

arrested by Defendant Police Officers on or about May 30, 2015.

34.     The Plaintiffs state that the Defendants did not have reasonable suspicion, probable

cause, or good faith reasonable belief that Defendants violated the law.

35.     The Plaintiffs deny resisting a lawful arrest and the Plaintiff deny engaging in any

conduct to obstruct governmental administration that would be construed as resisting a lawful

arrest and the Plaintiffs deny assaulting any Defendant.

36.     Plaintiffs state that each was intentionally confined without their consent, and that the

arrest and imprisonment of the Plaintiffs was not privileged or justified.

37.     Plaintiffs state that Plaintiffs were seized, falsely arrested, and falsely imprisoned in

violation of the Fourth Amendment to the United States Constitution due to the negligence of the

Defendant police officers.

38.     Upon information and belief, that being the Plaintiffs in this case, the Plaintiffs had not

committed any crime or offense when they were arrested and there was no other evidence of any

of criminal wrongdoing.

39.     Plaintiff states that the Defendant Officers acted negligently and recklessly when the

officers seized, arrested the Plaintiffs, and that the conduct of the Defendants shocks the

conscience.

40.     As a direct and proximate result of the wrongful conduct of Defendants as alleged above,

Plaintiffs suffered physical and mental anguish, loss of earnings, loss of capacity for the

enjoyment of life, loss of liberty, physical injury, pain and suffering, and injury to the Plaintiffs

reputation and good names.

COUNT TWO: MALICIOUS PROSECUTION
42 U.S.C. 1983
(PLAINTIFF SPILLER AGAINST DEFENDANT OFFICERS)

41.   Plaintiffs re-allege paragraphs 1 through 40 as though set forth in full herein.

42.   Defendant Officers action of arresting Plaintiff without probable cause initiated their

prosecution.

43.   Defendant Officers action of arresting and charging Plaintiffs without probable cause was

done with malice or for a purpose other than bringing Plaintiff to justice.

44.   Plaintiff was seized and deprived of their liberty following their arraignment because

Plaintiff was subjected to pre-trial release conditions which included weekly drug testing and

reporting requirements and were compelled to appear in court.

45.   The criminal proceeding ended in Plaintiff's favor when the case was dismissed due to

Plaintiff's innocence an investigation open into the Defendant Officers conduct.

COUNT THREE: MALICIOUS PROSECUTION
(COMMON LAW)
(PLAINTIFF SPILLER AGAINST DEFENDANT OFFICERS)

46.     Plaintiff re-alleges paragraphs 1 through 45 as though set forth in full herein.

47.     Plaintiff Perry Spiller states that he was negligently and maliciously prosecuted under the case United States v. Perry Spiller, 2015CMD007394 on May 30, 2015 through October 5, 2015 within the purview of the Fourth Amendment and Fourteenth Amendment of the United States Constitution.

48.     The Plaintiff Spiller states that he was deprived of his liberty on May 30, 2015 and was continually prosecuted with malice and without just cause through and until October 5, 2015 when he was arrested, beaten and prosecuted without probable cause, and that said arrest and seizure and subsequent prosecution was unreasonable because the Plaintiff had not committed any crime or violated any law.

49.     The Plaintiff states that he was arraigned and forced to come to Court on every court date regarding the afore-mentioned arrest prior to the case being dismissed on the merits, resulting in a substantially delayed investigation being opened against the Defendant Police Officers.

50.     The Plaintiff states that the Plaintiff had not committed any crime when he was arrested by Defendant Police Officers and prosecuted by the Office of the United States Attorney maintained his innocence throughout the trial up and until the point of dismissal by the government.

COUNT FOUR: NEGLIGENT SUPERVISION
COMMON LAW
(AGAINST THE DISTRICT OF COLUMBIA)

51.   Plaintiff re-alleges paragraphs 1 through 50 as though set forth in full herein.

52.   Defendants District of Columbia employed Defendant police officers.

53.    Before this incident, the District of Columbia knew or should have known, apparent from the opening of the internal investigation of these Defendant Officers, that Defendant police officers engaged in a dangerous and incompetent manner of arresting and charging individuals without probable cause and assaulting arrestees.

54.    The District of Columbia armed with this actual or constructive knowledge failed to supervise Defendant Officers failed to reverse their decisions, and failed to condemn the officers.

55.   As of result of the District of Columbia lack of supervision, Plaintiff suffered emotional and physical harm.

COUNT FIVE: GROSS NEGLIGENT EXCESSIVE FORCE

(PLAINTIFFS SPILLER AND MCCRAY)

56.    Plaintiff re-alleges paragraphs 1 through 55 as though set forth in full herein.

57.    Plaintiff states that the grossly negligent misconduct amounted to excessive force by the Defendant Police Officers – as alleged above – and violated Plaintiff's right to be free from the unreasonable and excessive use of force as guaranteed by the Fourth Amendment and the Fourteenth Amendment to the United States Constitution.

58.    Defendants' misconduct directly and proximately caused Plaintiff to suffer injury

including bodily injury, pain and suffering, shock, extreme emotional distress, and humiliation.

COUNT SIX: COMMON LAW ABUSE OF PROCESS

(AGAINST DISTRICT OF COLUMBIA)

59.    Plaintiff re-alleges paragraphs 1 through 58 as though set forth in full herein.

60.     By arresting and charging Plaintiffs without probable cause Defendant Officers used their law enforcement authority to make improper and illegal use of the District of Columbia's criminal process.

61.    Defendant Officers improperly used their law enforcement authority with the ulterior motive of covering up their assault on Plaintiffs.

62.    The District of Columbia as employers of Defendant Officers is vicariously liable under the doctrine of respondent superior.

COUNT SEVEN: COMMON LAW NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

(PLAINTIFFS SPILLER AND MCCRAY)

63.    Plaintiffs re-allege paragraphs 1 through 62 as though set forth in full herein.

64.    Plaintiffs state that the grossly negligent misconduct by the Defendant Police Officers - as alleged above - and violated Plaintiffs constitutional rights to be free from the unreasonable seizure and excessive use of force as guaranteed by the Fourth Amendment and the Fourteenth Amendment to the United States Constitution which caused the Plaintiffs to suffer emotional

distress.

65.     Plaintiff Spiller's right to be free from malicious prosecution was also violated and this violation caused extreme emotional distress, yet he was prosecuted until and through October 5, 2016 by the Office of the United States Attorney based upon the actions and assurances of the Defendants.

66.     Defendants' misconduct collectively and individually, directly and proximately caused Plaintiffs Spiller and McCray to lose their sole source of employment, suffer serious physical injury including bodily injury, pain and suffering, shock, anxiety, sleeplessness, and extreme emotional distress, and humiliation.

## PRAYER FOR DAMAGES

**WHEREFORE,** Plaintiffs respectfully requests judgment against Defendants as follows:

A.     That Plaintiffs each be awarded compensatory damages in the amount of one (1,000,000,000.00) million dollars, together with interest at the legal rate from the date of judgment paid;

B.     That Plaintiffs be awarded punitive damages in the amount of ten (10,000,000.00) million dollars as that amount will sufficiently punish Defendant Police Officers, for willful and malicious conduct, punish the government entity Defendants for their actions and contributions to the Defendant police officers' actions. Said award of punitive damages will serve as an example to prevent a repetition of such conduct in the future;

C.     That Plaintiffs be awarded costs of this litigation to be paid by the Defendants; and

D.     That Plaintiffs be awarded reasonable attorney's fees incurred in connection with the prosecution of this action to be paid by the Defendants.

Jacqueline Williams, Esq. (Bar #1000421)
For Plaintiffs James McCray and Perry Spiller
601 Pennsylvania Avenue, NW, #900
Washington, DC 20004
(301) 693-6928 (cell)
Email: info@jacquelinewilliamsesq.com